22 C. C. P. A. (Patents)

## In re DEUTSCH.

### Patent Appeal No. 3483.

Court of Customs and Patent Appeals.
March 25, 1935.

Clarence A. O'Brien, of Washington, D. C. (Charles E. A. Smith and Thomas E. Turpin, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims 1 and 2 of appellant's application on the ground of lack of patentability in view of the prior art. One claim of said application was allowed.

Claims 1 and 2 read as follows:

"1. A pie cutter comprising a substantially circular holder having a series of radially disposed sockets therein communicating with its periphery for selectively receiving a plurality of blades, and a plurality of blades removably mounted on the holder, said blades including extensions on their upper portions, and bars fixed on the extensions and extending inwardly therefrom for slidable endwise insertion in the sockets.

"2. A pie cutter comprising a substantially circular holder having a series of radially disposed sockets therein communicating with the periphery thereof for selectively receiving a plurality of blades, a centrally disposed handle mounted on the holder, a plurality of blades, integral extensions on the outer upper portions of the blades, and bars fixed on the extensions and having inner end portions extending inwardly beyond the extensions in spaced parallelism with the upper edge portions of the blades for slidable endwise insertion in the sockets for removably mounting the blades on the holder."

The reference relied upon is Miles et al., 1,706,934, March 26, 1929.

The alleged invention embraces a bladeholder, said bladeholder consisting of an upper and lower disk, the upper disk being somewhat larger in diameter than the lower one. These disks have opposed, radially disposed, grooves, the result being that when the disks are secured together by means of screws there are formed a number of sockets radially extending from the center to the periphery of the bladeholder. The bladeholder is provided with a centrally located threaded opening for the reception of a handle with upwardly projecting knob, the lower end of which is threaded. The blades, which are substantially rectangular in shape, are provided upon their upper outward edges with an extension, to which extension is fastened a bar, said bar projecting inwardly and in a parallel spaced relation to the inner upper edge of said blade. These bars upon the blades are the means by which the blades are attached to the bladeholder, the bars of the blades being slidably inserted into the sockets at the periphery of the

bladeholder. The lower and outward portion of each blade is recessed in order to conform to the usual edge-formation of the well-known form of pie plate.

The reference, Miles, relates to a pie cutter comprising a handle and radial blades. The upper edge portion of the blade is rolled to form a tubular bead which receives a light rod supported by the handle member and extending radially therefrom. This enables the blade to be slidably removable from the rod. The inner end of each rod is formed into an eye which is adapted to fit around a pin or stud engaged through an opening provided in a circular clamping plate. In the upper surface of this clamping plate recesses are provided which have circular portions formed about said openings, and radial portions leading outwardly from said circular portions to the periphery of said clamping plate. The eyes of said rods fit within the circular portion of said recesses and the adjacent portions of the rods fit within the radial portions of said recesses so that lateral movement of the rods relative to the clamping plate is prevented. Said pins or studs are constructed with heads of greater diameter than the pins, so that when the rods and clamping plate are assembled the heads of the studs will extend over and rest upon the eyes of the rods. Said clamping plate is provided with a central opening through which a retaining screw or threaded pin is inserted upwardly. An upper clamping plate is fitted about said screw to extend over and rest upon the heads of said pins or studs. Bearing upon the said upper clamping plate and engaged with said screw is a handle, the rotation of which causes the upper clamping plate to bear upon the heads of said pins or studs so that the rods aforesaid are firmly secured between said clamping plates.

The structures disclosed by the appellant and the reference patent to Miles et al. both contemplate the cutting of a pie into varying numbers of equal parts, depending upon the number of blades used.

It will be observed that said reference does disclose a structure in which recesses or sockets are provided for selectively receiving a plurality of rods, and each of said rods is so formed as to permit a blade to be attached thereto. In other words, the sockets do not receive the blades but only the rods. However, the Examiner held, and the Board approved such holding, that it would not involve invention to fix said rods on said blades by permanently attaching them together, and we are in agreement with this holding. If, the reference being so modified, the claims here involved would read upon the Miles reference, we should affirm the action of the Board. However, the Examiner was clearly in error in holding that "the upper edge portion of Miles blades may be slidably inserted endwise into his sockets providing his handle member has been unscrewed sufficiently to admit of such access," and the Board was in error in approving this statement of the Examiner.

It will be observed from our description of the Miles reference that the rods are held in place by a clamping effect upon the heads of the studs or pins through the eyes of the rods. Merely unscrewing the handle would not permit the removal of the rods. They could not be removed without first removing the studs or pins, which apparently would require a complete disassembling of the parts. This would also be true if the rods and blades were permanently attached together. It is also true that while the studs or pins were in place the ends of the rods could not be inserted in the sockets as required by the Miles disclosure. If the studs or pins were entirely dispensed with, the Miles device would be inoperative for there would be no substantial clamping effect to give the rods and blades the necessary rigidity, and we do not think that in such case the rods and blades of Miles would have the slidable action required by appellant's claims.

The Solicitor for the Patent Office in his brief suggests that: "* * * To omit the eyes 19 on the ends of the rods 18 of the Miles et al. device is, of course, merely the omission of an element with corresponding omission of its function, and an unpatentable change. * * *"

It is sufficient to say, with respect to this suggestion, that if the eyes of said rods were omitted, the pins or studs would likewise have to be omitted and the ends of the rods would lie loose in the sockets. The result would be that there would be no substantial clamping effect. The eyes or studs are necessary in Miles to secure rigidity of the rods and blades, while appellant accomplishes the necessary rigidity by slidable action of the blades in the sockets. Therefore, appellant, it seems to us, has omitted elements in the prior art but has retained the function performed by such elements, and therefore the rule is not appli-

cable that an omission of an element together with the omission of its function does not constitute a patentable change.

We are of the opinion that the claims here involved do not read upon the Miles reference, and we are likewise of the opinion that the modifications of the Miles device necessary to meet the claims here involved would not be obvious to one skilled in the art.

We therefore hold that the decision of the Board of Appeals should be, and is, reversed.

Reversed.